9386

STATE *EX REL.* SHULL *ET AL.* v. MANNING, GOVERNOR.

(88 S. E. 471.)

Certiorari — Order to Show Cause — When Issuable. — Although a duly verified petition for *certiorari* alleged that the petitioners were qualified electors of a certain city, that a certain officer was elected at a prior election under Civ. Code 1912, secs. 3072-3093, among whose provisions is that for recall by petition of 20 per cent. or more of the qualified electors of the city, that the petition signed by such a percentage was presented to the Governor in due form, that the Governor committed error of law in ruling that affidavit

should be attached showing that each signature to the petition was witnessed, and that the petitioners have no appeal from nor way to review such decision, except by application to the Supreme Court for *certiorari*, it will be dismissed.

ORIGINAL JURISDICTION. April term, 1916. Petition dismisssed.

Petition for writ of *certiorari*, by the State, on relation of R. Leon Shull and another against Richard I. Manning as Governor.

The petition and affidavit were as follows:

The petition of R. Leon Shull and Jas. D. Moorehead respectfully shows:

(1) That your petitioners are now, and were on the 22d day of March, 1916, qualified registered electors of the city of Columbia, South Carolina.

(2) That at the regular municipal election held for the election of a mayor and councilmen for the city of Columbia on the 12th day of May, 1914, E. M. DuPre was duly elected a councilman for said city for the term of four years, and thereafter qualified as such councilman, and is now one of the councilmen of the said city.

(3) That the election at which the said councilman, E. M. DuPre, was elected, was held pursuant to article VIII of chapter XLVIII of volume I of the Code of Laws of South Carolina, 1912.

(4) That section 3084 of said volume I of the Code of Laws of South Carolina, 1912, provides, among other things:

"The mayor or any councilman may be removed from office in the following manner: Whenever qualified regis-

---

FOOTNOTE.—As to noninterference by the judiciary with executive action, see *State* v. *Blease,* 80 S. E. 263, not reported in the official reports. Mandamus in connection with recall elections, see notes in 50 L. R. A. (N. S.) 229.

tered electors of said city, equal in number to at least twenty per centum of the entire votes cast at the primary election which chose the candidate at the last preceding municipal election, file with the Governor a petition demanding the removal of the mayor or any councilman, and stating the grounds for said demand, the signatures to said petition showing the place of residence and the occupation of each signer, and stating that he is a qualified registered elector of said city, said petition being duly verified as to these facts by one or more persons who make affidavit on said petition as to any stated number of said petitioners, the said Governor shall order an election for a day not later than thirty (30) days and not earlier than two (2) weeks, after the filing of the said petition with the said Governor."

(5) That on the 22d day of March, 1916, your petitioners, acting on behalf of themselves and of 570 other qualified registered electors of the city of Columbia, filed with his excellency, Richard I. Manning, Governor of South Carolina, a petition demanding the removal of the said E. M. DuPre, councilman, from the said office of councilman, and stating in said petition the grounds for said removal; said petition being filed in pursuance of the provisions of the foregoing section of the Code of Laws of South Carolina.

(6) That the signatures of said petition show the place of residence and occupation of each signer thereof, and the said petition states that each signer is a qualified registered elector of said city.

(7) That the said petition was verified by your petitioners, R. Leon Shull and Jas. D. Moorehead, who made an affidavit to the effect that they had verified said petition, and had found that the place of residence and occupation of each of the signers of said petition was correctly set out thereon, and that each of the signers thereof was a qualified registered elector of the city of Columbia, and attached the said affidavit to said petition, a copy of which affidavit is hereto attached and made a part of this petition.

(8) That the petitioners signing said petition were equal in number to at least twenty (20%) per cent. of the entire vote cast at the primary election which chose the said E. M. DuPre at the last preceding municipal election.

(9) That on the 8th day of April, 1916, his excellency dismissed said petition, assigning for his reason therefor that the requirements of the law with regard to the verification of the signatures of said petition had not been complied with.

(10) That your petitioners are advised that, in passing upon the sufficiency of the verification of said petition, his excellency, Governor Manning, exercised a judicial function, and that, therefore, his conclusion is subject to review by this honoroble Court.

(11) That your petitioners are further advised, and respectfully urge, that in holding that said petition was not verified according to law his excellency committed error of law reviewable by this honorable Court; his excellency having ruled, and held as a matter of law, that to the petition should be attached an affidavit of one or more persons that he or they witnessed the signature of each signer to said petition; and your petitioners respectfully allege that in so ruling his excellency erred, since the statutes do not require the signatures to the said petition to be witnessed, neither does the law require any one to make affidavit to the effect that he witnessed the signing of said petition by the petitioners whose names appear upon the same.

(12) And your petitioners further show that they have no appeal from, or way to review, the decision of his excellency, Governor Manning, except by application to this honorable Court.

Wherefore, your petitioners respectfully pray that an order be issued by this honorable Court, directed to his excellency, Richard I. Manning, and requiring him to show cause before this honorable Court on a day certain why a writ should not issue requiring and commanding him to send the

said petition, as well as all parts of the record of the proceedings herein, to this honorable Court for the purpose of reviewing his conclusions of law in the premises."

State of South Carolina, County of Richland.    Personally come R. Leon Shull and Jas. D. Moorehead, who, being duly sworn, say each for himself that the allegations of the foregoing petition are true to his own knowledge, except paragraph 8 of said petition, and this paragraph is made upon information and belief; deponent's information being obtained from statements made by the city clerk and treasurer, G. Flavie Cooper, the custodian of the records showing the number of votes cast at the municipal election of 1914.    R. Leon Shull, Jas. D. Moorehead.    Sworn to before me this 12th day of April, 1916.    G. Duncan Bellinger [L. S.], Notary Public for S. C.

Affidavit on Petition.    Personally come R. Leon Shull and Jas. D. Moorehead, who, being duly sworn, say each for himself that he has verified the attached petition by comparing it with the books of registration prepared by the commissioners of election for the city of Columbia, and used by them in the last regular municipal election had for the election of mayor and councilmen, and that he finds that those signatures on said petition, opposite to which are numbers (the said numbers being the registration number of the person opposite to whose name the number is placed), are on the said books of registration; and deponent further says that the said petition contains the signatures of 572 persons, who are registered qualified electors for the city of Columbia as shown by the said registration books. Deponent further says that he is informed and believes that the place of residence and occupation of each of the persons whose name appears upon said petition is correctly set out thereon.    Deponent derived his information from one or more of the following sources, to wit: From an inspection of the said registration books used at the last general munici-

pal election, said books showing the name of each qualified elector and his place of residence; from the telephone directory issued by the Southern Bell Telephone & Telegraph Company for use in the city of Columbia; from the Walsh City Directory for the city of Columbia for 1915; from inquiry at the designated place of residence; from inquiry of persons living in the neighborhood of said residence; from inquiry of those claiming personal knowledge as to the facts.

Deponent further says on information and belief that 2,639 votes were cast at the last municipal election held for election of mayor and councilmen, to wit, the election for the year 1914; his information as to this fact being derived from the records on file in the office of the city clerk and treasurer of the city of Columbia.   R. Leon Shull, Jas. D. Moorehead.   Sworn to before me this 22d day of March, 1916.   T. C. Brown [L. S.], Notary Public for S. C.

*Messrs. James S. Verner, G. Duncan Bellinger, T. C. Brown* and *J. H. Hammond,* for petitioners.

April 18, 1916.
The following order was made

PER CURIAM.   Upon due consideration of the within petition, the Court is of opinion that the petitioners have failed to make such showing as calls for this issuance of the writ prayed for.   It is, therefore, ordered that the petition be dismissed.